UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JESSE SEMBLY and TYESE
GRAHAM,

                      Plaintiffs,                No. 11-12322
                                                    Hon. Gerald E. Rosen
vs.

U.S. BANK NATIONAL ASSOCIATION,

                      Defendants.
_____/

## OPINION AND ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

### I. INTRODUCTION

      This case involves a challenge by Plaintiffs Jesse Sembly and Tyese Graham ("Plaintiffs") to the foreclosure of their home. Plaintiffs' complaint attempts to allege seven separate claims against Defendant U.S. Bank National Association ("Defendant"). Defendant has moved to dismiss all of Plaintiffs' claims. Having reviewed the parties' briefs, the Court finds that the pertinent allegations and legal arguments are sufficiently addressed in these materials and that oral argument would not assist in the resolution of this motion. Accordingly, the Court will decide Defendant's motion "on the briefs." *See* L.R. 7.1(f)(2). The Court's opinion and order is set forth below.

### II. FACTUAL BACKGROUND

      Plaintiffs entered into an $180,000 mortgage for their home on January 26, 2006. That mortgage was later assigned to Defendant. During 2008 and 2009, Defendant

entered into multiple agreements with Plaintiffs regarding their mortgage, including at least one loan modification and at least one loan deferment. Despite these arrangements, Plaintiffs ultimately defaulted on their loan in September 2009. In May 2010, Defendant initiated foreclosure proceedings, which culminated in the sale of Plaintiffs' home on August 25, 2010.

The statutory redemption period for Plaintiffs' home expired on February 25, 2011. Accordingly, Defendant instituted eviction proceedings on March 29, 2011. Plaintiffs did not contest the mortgage default or subsequent foreclosure until filing the instant seven-count complaint on April 20, 2011. Defendant removed the case to this Court on May 26, 2011 and filed a motion to dismiss Plaintiffs' entire complaint on June 2, 2011.

### III. ANALYSIS

**A.    Plaintiffs Have Standing to Challenge Their Foreclosure**

"In order for a federal court to exercise jurisdiction over a matter, the party seeking relief must have standing to sue." *Zurich Ins. Co., v. Logitrans, Inc.*, 297 F.3d 528, 531 (6th Cir. 2002) (quoting *Kardules v. City of Columbus*, 95 F.3d 1335, 1346 (6th Cir. 1996)). The "irreducible constitutional minimum" of standing requires that Plaintiffs show: "(1) [they have] suffered an 'injury in fact' that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely, as opposed to speculative, that the injury will be redressed by a favorable decision." *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs.*, 528 U.S. 167, 180–81 (2000) (citing *Lujan v.*

*Defenders of Wildlife*, 504 U.S. 555, 560–61 (1992)). Redressability, the only prong contested here, requires "a likelihood that the requested relief will redress the alleged injury." *Nader v. Blackwell*, 545 F.3d 459, 471 (6th Cir. 2008) (quoting *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 103 (1998)).

When a mortgage foreclosure is initiated, Michigan law provides a six month redemption period for most mortgages; the redemption period is a span of time during which the foreclosed mortgagor can remit the amount owed, thereby averting foreclosure. Mich. Comp. Laws § 600.3240(1)-(2), (8). Generally, once the redemption period expires, so too does the mortgagor's rights in the property. *Salman v. U.S. Bank, NA*, No. 11-10253, 2011 WL 4945845, at *3 (E.D. Mich. Oct. 18, 2011). The redemption period generally serves as a mortgagor's last chance to avoid losing their home after a valid foreclosure sale. Courts will only interfere when there is a clear showing of fraud, accident, or mistake. *Overton v. Mortg. Elec. Registration Sys.*, No. 284950, 2009 WL 1507342, at *1 (Mich. Ct. App. May 28, 2009); *Freeman v. Wozniak*, 617 N.W.2d 46, 48-49 (Mich. Ct. App. 2000) (discussing *Senters v. Ottawa Sav. Bank*, 503 N.W.2d 639 (Mich. 1993)).

Here, Plaintiffs admit that their redemption period expired on February 25, 2011. Defendant thus claims that Plaintiffs fail the redressability prong of standing because the redemption period expired, meaning the foreclosure sale had finalized. In other words, Defendant argues that the remedy sought by Plaintiffs -- rescission of the foreclosure sale -- will not redress the injury alleged because the remedy is not available: the expiration of the redemption period extinguished Plaintiffs' rights in their home.

3

On the one hand, Defendant is correct in stating that Plaintiffs' rights in, and title to, their home were extinguished when the statutory redemption period expired. *See* Mich. Comp. Laws § 600.3240; *Salman v. U.S. Bank, NA*, No. 11-10253, 2011 WL 4945845, at *3 (E.D. Mich. Oct. 18, 2011). However, while the expiration of the redemption period has serious consequences for Plaintiffs' legal rights, the Court retains the power to rescind the foreclosure sale -- even after the expiration of the redemption period -- if the sale itself was invalid based on a showing of fraud or irregularity. *Id.*; *Overton v. Mortg. Elec. Registration Sys.*, No. 284950, 2009 WL 1507342, at *1 (Mich. Ct. App. May 28, 2009).

Redressability is thus only lacking if the redemption period has expired <u>and</u> the foreclosure sale was valid. "Otherwise, statutory foreclosures could never be set aside once the redemption period had expired. While 'statutory foreclosures should not be set aside without very good reason,' it is possible for courts to set statutory foreclosures aside." *Hornbuckle v. Mortg. Elec. Registration Sys., Inc.*, No. 10–14306, 2011 WL 5509214, at *5 (E.D. Mich. Nov. 10, 2011) (quoting *United States v. Garno*, 974 F. Supp. 628, 633 (E.D. Mich. 1997)). *See also Langley v. Chase Home Fin. LLC*, No. 10–604, 2011 WL 1130926, at *2 n. 2 (W.D. Mich. Mar. 28, 2011). Here, setting aside the foreclosure sale remains a viable remedy since Plaintiffs challenge the validity of the sale for fraud. As such, redressability is not lacking. *Nader v. Blackwell*, 545 F.3d 459, 471 (6th Cir. 2008) (citation omitted). Therefore, Plaintiffs have standing to challenge their foreclosure.

### B.     Applicable Standards

In asserting a claim for relief, the Federal Rules of Civil Procedure require a short and plain statement of the claim, entitlement to relief, and the relief requested. Fed. R. Civ. P. 8(a). Furthermore, when alleging fraud or mistake, Rule 9(b) requires that "a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). The Sixth Circuit has interpreted Rule 9(b) as requiring that Plaintiffs describe specific statements, identify the speaker, specify when and where the statement was made, and explain why the statements were fraudulent. *Frank v. Dana Corp.*, 547 F.3d 564, 569-70 (6th Cir. 2008). "The threshold test is whether the complaint places the [D]efendant on sufficient notice of the misrepresentation, allowing the [Defendant] to answer, addressing in an informed way the [Plaintiffs'] claim of fraud." *Kashat v. Paramount Bancorp, Inc.*, No. 09-10863, 2010 WL 538295, at *4 (E.D. Mich. Feb. 10, 2010). When a party fails to meet its Rule 9(b) burden, dismissal is warranted.

In deciding a motion brought under Rule 12(b)(6), the Court must construe the complaint in the light most favorable to the Plaintiffs and accept all well-pled factual allegations as true. *League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007). To withstand a motion to dismiss, however, a complaint "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The factual allegations in the complaint, accepted as true, "must be enough to raise a right to relief above the speculative level," and must "state a claim to relief that is plausible on its face." *Id.* at 570. "A claim has facial plausibility when the [Plaintiffs] pleads factual

content that allows the court to draw the reasonable inference that the [D]efendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). The Court must "construe the complaint in the light most favorable to the [Plaintiffs], accept [their] allegations as true, and draw all reasonable inferences in favor of the [Plaintiffs]." *DirecTV, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007). However, the Court "need not accept as true legal conclusions or unwarranted factual inferences." *Id.* (quoting *Gregory v. Shelby Cnty.*, 220 F.3d 433, 446 (6th Cir. 2000)).

## C.    Count I - Quiet Title

A quiet title action is an attempt to establish a substantive right in property. *Beach v. Twp. of Lima*, 802 N.W.2d 1, 8 (Mich. 2011). Plaintiffs attempts to ground their quiet title claim in a variety of vague allegations ranging from the "robo-signing"[1] of affidavits to misleading conduct more generally. This claim fails as a matter of law because Plaintiffs have not pled sufficient facts to raise their right to relief above the speculative level. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Accordingly, the Court will dismiss this claim.

Under Michigan law, any individual who claims a right in or title to land may bring an action against anyone who claims an inconsistent interest. Mich. Comp. Laws § 600.2932(1). In order to establish superior title, however, Plaintiffs bear the initial burden of proof and must establish a *prima facie* case for title, at which point the burden

---

[1] "Robo-signing" in the foreclosure context refers to the practice of approving foreclosures without proper reviewing of documentation. *Robostop*, The Economist, Oct. 14, 2010, *available at* http://www.economist.com/node/17257787 (last accessed Dec. 29, 2011).

of proving superior title shifts to Defendant.  *Beulah Hoagland Appleton Qualified Pers. Residence Trust. v. Emmet Cnty Rd. Comm'r*, 600 N.W.2d 698, 700 (Mich. Ct. App. 1999); *Stinebaugh v. Bristol*, 347 N.W.2d 219, 221 (Mich. Ct. App. 1984).  Establishing a *prima facie* case of title requires a description of the chain of title through which ownership is claimed.  *Johns v. Dover*, No. 291028, 2010 WL 2696656, at *1 (Mich. Ct. App. July 8, 2010).

Plaintiffs, however, have made no attempt to show a chain of title, let alone one that demonstrates a superior claim of ownership in Plaintiffs' favor.  Plaintiffs have failed to make any pertinent factual allegations, instead resorting to conclusory statements.  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  As such, Plaintiffs have failed to state a claim for which relief can be granted.  Fed. R. Civ. P. 12(b)(6).  Furthermore, to the extent Plaintiffs' quiet title claim relies on allegedly fraudulent conduct, Plaintiffs have failed to allege any specific conduct such that their complaint falls well short of Rule 9(b).  *See Frank v. Dana Corp.*, 547 F.3d 564, 569-70 (6th Cir. 2008).  Therefore, dismissal is appropriate.[2]

---

[2] Plaintiffs attempt to integrate a supposed violation of Mich. Comp. Laws § 600.3205c throughout their complaint, apparently in the hope that this allegation will salvage their complaint.  Section 600.3205c establishes rules for mortgage parties engaging in loan modification discussions.  Plaintiffs claim that Defendant violated portions of this statute.  However, Plaintiffs' reliance on this statute fails as a matter of law.  While § 600.3205c indeed establishes procedural requirements the mortgagee must comply with, they only govern the parties when the mortgagor contacts a housing counselor under § 600.3205b.  Mich. Comp. Laws § 600.3205c(1).  Nowhere in Plaintiffs' complaint is there any intimation that Plaintiffs contacted a housing counselor.  As such, Plaintiffs' claim under § 600.3205c fails as a matter of law.

**D.     Count II - Unjust Enrichment**

The text comprising Count II of Plaintiffs' complaint, a claim for unjust enrichment, is copied nearly identically from Count I of Plaintiffs' complaint.[3] Establishing a claim for unjust enrichment requires (1) receipt of a benefit by Defendant from Plaintiffs, and (2) an inequity resulting to Plaintiffs because of Defendant's retention of the benefit. *J&J Plumbing & Heating LLC v. Tate*, Nos. 277824, 279838, 2008 WL 4891807, at *4 (Mich. Ct. App. Nov. 13, 2008). Predictably, this claim also fails to state a claim upon which relief can be granted since Plaintiffs' allegations are chiefly concerned with procedural defects in the loan modification process and alleged "robo-signing". That is, Plaintiffs' allegations bear little relation to a claim of unjust enrichment; Plaintiffs have not specified the benefit received by Defendant or the inequity resulting from the retention thereof. Furthermore, to the extent Plaintiffs allege that Defendant's conduct "constituted a deceptive act[,]" this claim sounds in fraud and fails to pass muster under Rule 9(b) because Plaintiffs have made no attempt at describing allegedly deceptive conduct in any detail whatsoever. Therefore, dismissal is warranted. Fed. R. Civ. P. 9(b), 12(b)(6).

**E.     Count III - Innocent/Negligent Misrepresentation**

Plaintiffs' third claim mistakenly conflates two separate causes of action: innocent misrepresentation and negligent misrepresentation. Innocent misrepresentation requires

---

[3] At this point it should be noted that Plaintiffs' attorney has reused vast swaths of this complaint in other cases in this District, with minimal success. *See, e.g.*, *Smith v. Bank of America Corp.*, No. 10-14161 (E.D. Mich. filed Oct. 18, 2010); *Bingham v. Bank of America, N.A.*, No. 10-11917 (E.D. Mich. filed May 12, 2010); *Smith v. Wells Fargo Home Mortg.*, No. 09-13988 (E.D. Mich. filed Oct. 8, 2009).

showing that Plaintiffs detrimentally relied upon a false representation such that Plaintiffs were injured to Defendant's benefit. *Unibar Maint. Serv., Inc. v. Saigh*, 769 N.W.2d 911, 919 (Mich. Ct. App. 2009). Fraudulent intent is not required. *Id.* Negligent misrepresentation requires Plaintiffs to prove that they justifiably relied to their detriment on information prepared by Defendant, and that Defendant owed a duty of care." *Id.* However titled, Plaintiffs allege that Defendant misled them regarding the prospect of a loan modification. (Pls.' Compl. ¶ 54.)

Plaintiffs rely on vague, conclusory statements and thus have failed to meet the standard established by Rule 9(b). Plaintiffs have not specified what misrepresentations were made, let alone who made them and when. As such, there is no way Plaintiffs' complaint can be read as putting Defendant on notice so as to enable an informed and competent response. *Kashat v. Paramount Bancorp, Inc.*, No. 09-10863, 2010 WL 538295, at *4 (E.D. Mich. Feb. 10, 2010). Plaintiffs instead make vague characterizations and legally conclusory statements. Therefore, this claim will be dismissed as well. Fed. R. Civ. P. 9(b).

F.     **Count IV - Fraud**

Count IV of Plaintiffs' complaint, alleging fraud, completely falls short of both Rule 9(b) and Rule 12(b)(6). Plaintiffs' most substantive allegations regarding fraud merely allege that "Defendant failed to disclose to Plaintiffs their intention to go forward with the Sheriff Sale[]" and that "Defendant's representations were false, when they were made, as Defendant did not intend to fulfill its obligations to the Plaintiffs." (Pls.' Compl. ¶ 61-62.) Plaintiffs' complaint attempts to plead the elements of fraud and little

9

more. Consequently, Plaintiffs have failed to allege specific facts raising the right to relief above the speculative level, and have failed to put Defendant on notice regarding the specific misrepresentations allegedly made. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570; *Kashat v. Paramount Bancorp, Inc.*, No. 09-10863, 2010 WL 538295, at *4 (E.D. Mich. Feb. 10, 2010). Therefore, dismissal is appropriate. Fed. R. Civ. P. 9(b), 12(b)(6).

### G.     Count V - Constructive Trust

Plaintiffs' fifth claim is titled constructive trust. However, a constructive trust is a remedy, not a cause of action. As such, the Court will dismiss this claim as well. *See Gaymar Indus., Inc. v. Firstmerit Bank, N.A.*, 311 Fed. App'x 814, CITE (6th Cir. 2009) (citation omitted); *Fawaz v. Metro. Life Ins. Co.*, No. 09-14407, 2010 WL 3325220, at *2 (E.D. Mich. Aug. 20, 2010).

### H.     Count VI - Mich. Comp. Laws § 600.3205c

Count VI of Plaintiffs' complaint attempts to allege a violation of Mich. Comp. Laws § 600.3205c, which controls the loan modification process. Aside from Plaintiffs' reliance on inaccurate statutory text, this claim fails for the reason stated in note 1, *supra*: Plaintiffs have not alleged that they met with a housing counselor, as required by § 600.3205c. Rather, the complaint substantially quotes outdated statutory text and relies on a single, conclusory allegation. (Pls.' Compl. ¶ 83.) As such, dismissal is appropriate. Fed. R. Civ. P. 12(b)(6).

**I.      Count VII - Deceptive Act/Unfair Practice**

Plaintiffs' final claim suggests that Defendant's alleged "robo-signing" of affidavits constituted a deceptive act or unfair practice in violation of state law. However, there is no cause of action under Michigan law for a deceptive act or unfair practice. *Salman v. U.S. Bank*, NA, No. 11–10253, 2011 WL 4945845, at *6 (E.D. Mich. Oct. 18, 2011). As such, the Court will construe Plaintiffs' claim as arising under the Michigan Consumer Protection Act ("MCPA"). *Id.*

Nevertheless, Plaintiffs' claim fails as a matter of law, even construing it as arising under the MCPA. Section 445.904(1)(a) of the MCPA states that the entire MCPA does not apply to "transaction[s] or conduct specifically authorized under laws administered by a regulatory board or officer acting under statutory authority of this state or the United States." Mich. Comp. Laws § 445.904(1)(a). "It is settled Michigan law that state savings banks conducting residential mortgage loan transactions fall under this exemption and are thus not bound by the MCPA." *Salman v. U.S. Bank*, NA, No. 11–10253, 2011 WL 4945845, at *6 (E.D. Mich. Oct. 18, 2011) (citations omitted). "Both Michigan courts and federal courts applying Michigan law have consistently held that the MCPA does not apply to claims arising out of residential mortgage loan transactions." *Chungag v. Wells Fargo Bank, N.A.*, No. 10–14648, 2011 WL 672229, at *4 (E.D. Mich. Feb.17, 2011). Plaintiffs' claim under the MCPA thus fails because the MCPA's strictures do not apply to the mortgage transaction at issue.[4]

---

[4] In the alternative, Plaintiffs' claim also fails as a result of perfunctory pleading. Each of Plaintiffs' allegations is couched in conditional language: "the facts asserted in the

# IV. CONCLUSION

For the reasons set forth in this opinion, the Court holds that Defendant is entitled to dismissal of all claims in Plaintiffs' complaint.  Therefore,

IT IS HEREBY ORDERED that Defendant's motion to dismiss [Dkt. # 4] is GRANTED.

Dated:  January 6,  2012                                  s/Gerald E. Rosen
                                                          GERALD E. ROSEN
                                                          Chief Judge, United States District Court

I hereby certify that a copy of the foregoing document was served upon counsel of record on January 6, 2012, by electronic and/or ordinary mail.

                    s/Ruth A.Gunther
                    Case Manager
                      (313) 234-5137

---

document may have been forged" and "Michael L. Rich may have signed the affidavit outside of the presence of a notary public".  (Pls.' Compl. ¶¶ 88-89) (emphasis added.)  "[I]ssues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived.  It is not sufficient for a party to mention a possible argument in the most skeletal way, leaving the court to . . . put flesh on its bones." *Garner v. Cuyahoga Cnty. Juvenile Court*, 554 F.3d 624, 640–41 (6th Cir. 2009) (quoting *McPherson v. Kelsey*, 125 F.3d 989, 995–96 (6th Cir. 1997)).

12